UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GENE EVANS,

     Petitioner,

    v.

THE STATE OF CALIFORNIA,

     Respondent.

Case No.  1:26-cv-03686-FJS (HC)

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS

[TWENTY-ONE DAY OBJECTION DEADLINE]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition in this court on May 13, 2026. Because the petition is successive, the court recommends it be DISMISSED.

I.    <u>PRELIMINARY REVIEW OF PETITION</u>

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus.  The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v.*

*Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

II.    SUCCESSIVE PETITION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show (1) that the claim rests on a new, retroactive, constitutional right or (2) that the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). Yet it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 656-657 (1996). Hence, this court must dismiss any second or successive petition unless the Ninth Circuit grants Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

In this case, Petitioner challenges his 2004 Tulare County convictions for carjacking, kidnapping, and rape. Petitioner previously sought federal habeas relief in this court with respect to the same conviction. *See Evans v. Yates*, No. 1:09-cv-01857-AWI-GSA.[1] The district judge ultimately adopted the magistrate judge's recommendation that the petition be dismissed as untimely. *See id.* at ECF Nos. 28, 33. Following Petitioner's filing of a notice of appeal, on April 27, 2012, the Ninth Circuit Court of Appeals denied Petitioner a certificate of appealability. *Id.* at ECF No. 40. Accordingly, the court finds that the instant petition is "second

---

[1] The court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

or successive" under § 2244(b) and should be dismissed. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive").

III.    ORDER

Accordingly, the Clerk of Court is DIRECTED to randomly assign a district judge to this case.

IV.    RECOMMENDATION

For the foregoing reasons, the court HEREBY RECOMMENDS that the petition be DISMISSED as successive.

These findings and recommendations are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of these findings and recommendations, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may disregard any pages filed in excess of the fifteen (15) page limitation.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

These findings and recommendations are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

UNITED STATES MAGISTRATE JUDGE

4